UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GERARDO CAMPOS, et al<br>    Plaintiffs<br><br>vs.<br><br>SAFETY-KLEEN SYSTEMS, INC., et al<br>    Defendants | CASE NO. 3:12-cv-01529-PAD-(BJM) |

## MOTION FOR SUMMARY JUDGMENT/MOTION TO STRIKE DR. PETER SHIELDS UNDER FEDERAL RULE OF EVIDENCE 702 AND *DAUBERT*

**COME NOW** the Plaintiffs GERARDO CAMPOS, YADIRA D. VEGUILLA ROSARIO, and CAMILLA A. CAMPOS VEGUILLA (hereinafter "Plaintiffs") and hereby files this Motion for Summary Judgment/Motion to Strike Dr. Peter Shields.

## SUMMARY

This motion is based on the attached memorandum, prior deposition testimony of the Safety-Kleen experts, the experts for the Plaintiffs, and all the pleadings that have been filed this action.

The Plaintiff, Gerardo Campos, developed this medical condition as a result of his exposure to Defendant Safety-Kleen's benzene containing solvent, SK-105. The Plaintiffs are entitled to summary judgment on whether benzene can cause Chronic Myeloid Leukemia (hereinafter referred to as "CML"), and additionally, Plaintiffs ask the Court to exclude Dr. Shields' testimony pursuant to Federal Rule of Evidence 702, as well as *Daubert*.[1]

---

[1] *See* Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 597 (1993).

## FACTS

All experts in this case, on both sides, agree that the Plaintiff GERARDO CAMPOS was exposed to benzene.  Benzene is a known human carcinogen, and that fact has been accepted by the scientific community.  Courts and leading medical institutions and organizations around the world all recognize that the condition from which the Plaintiff suffers, is caused by exposure to benzene.[2]  The recognized causes of CML are:  benzene exposure and excessive radiation, such as what was experienced by the residents of Hiroshima and Nagasaki post-World War II.[3]  There is no dispute in this case that Mr. Campos did not experience excessive radiation exposure.  Therefore, the only other known cause mentioned, is benzene exposure.  Both specific causation experts in this case, Dr. Arthur Frank for the Plaintiff and Dr. Peter Shields for the Defendant, share the same opinion that benzene causes CML.

---

[2] *Casdorph v. W. Va. Off. Ins. Commr.*, 690 S.E.2d 102, 104 (W. Va. 2009) [Exhibit 1]; *see also* JOHNS HOPKINS MEDICINE, *Leukemia*, http://www.hopkinsmedicine.org/kimmel_cancer_center/centers/pediatric_oncology/cancer_types/leukemia.html (last visited May 29, 2014) [Exhibit 2]; *see also* Peter H. Wiernik, CHILDREN'S LEUKEMIA RESEARCH ASSN, INC.*: Overview of Acute and Chronic Leukemias and Related Disorder*, http://www.childrensleukemia.org/overview.html (last visited May 29, 2014) [Exhibit 3]; *see also* CANCER COUNCIL NSW, *Causes of Chronic Myeloid Leukaemia*, http://www.cancercouncil.com.au/73604/b1000/chronic-myeloid-leukaemia-21/causes-of-chronic-leukaemia/ (May 2011) [Exhibit 4]; *see also* MONTANA CANCER CONTROL PROGRAM, *Quarterly Surveillance Report:  Leukemia, Lymphoma, and Myeloma*, http://webcache.googleusercontent.com/search?q=cache:http://www.dphhs.mt.gov/publichealth/cancer/documents/LeukemiaLymphomaMyeloma.pdf (Jan. 2008) [Exhibit 5]; *see also* AFRICA CANCER FOUNDATION, *Leukaemia*, www.africacancerfoundation.org (last visited May 29, 2014) [Exhibit 6]; *see also* HEALTH 24, *Leukaemia*, http://www.health24.com/Medical/Cancer/About-cancer/Leukaemia-20120721 (Feb. 22, 2011) [Exhibit 7]; *see also* UNIVERSITY OF CALIFORNIA-DAVIS COMPREHENSIVE CANCER CENTER, *Leukemia*, http://www.ucdmc.ucdavis.edu/cancer/cancer_types/leukemia.html (last visited May 29, 2014) [Exhibit 8]; *see also* IRISH CANCER SOCIETY, *Causes and Prevention of Chronic Myeloid Leukaemia*, http://www.cancer.ie/cancer-information/chronic-myeloid-leukaemia/causes-prevention (last visited May 29, 2014) [Exhibit 9]; *see* also Abdul Mottalib et al., *BMC Research Notes:  Phase Distribution of Chronic Myeloid Leukemia in Bangladesh*, http://www.biomedcentral.com/1756-0500/7/142 (2014) [Exhibit 10]; *see also* Cancer Research UK, *Chronic Myeloid Leukemia (CML) Risks and Causes,* http://cancerresearchuk.org/cancer-help/type/cml/about/chronic-myeloid-leukemia-risks-and-causes (last visited May 29, 2014) [Exhibit 11].

[3] Abdul Mottalib et al., *BMC Research Notes:  Phase Distribution of Chronic Myeloid Leukemia in Bangladesh* [Exhibit 12].

## ARGUMENT

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and any admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."[4]

The issues in this case, as in all toxicity litigation, are issues of general and specific causation. In this matter, there is no viable dispute at issue because Dr. Peter Shields, Safety-Kleen's only specific causation expert, has previously testified that benzene exposure causes Chronic Myeloid Leukemia, the illness that Mr. Campos now suffers from.[5] However, Dr. Shields in this matter has now falsely testified that benzene does not cause CML.[6]

It appears that Dr. Shields will testify as to whatever is convenient to who has hired him, as opposed to what he previously stated in other depositions and what he has truly believed for decades. Dr. Shields compounds his lack of understanding what the truth is, where in his deposition in the instant case he testified that he has never believed that benzene causes CML.[7] As evidenced by his deposition transcript from September 26, 2008, the latter statement he made under penalty of perjury, in a deposition taken prior to this case, is simply not true.

It is hard to fathom how the Defendant can expect this Court to believe that their specific causation expert's newly created opinion for just this case that benzene does not cause CML, is somehow reliable. The doctor directly contradicts himself on the very issue that goes to the heart of his report and his opinions in this matter based on his earlier prior sworn testimony. Under *Daubert* and Federal Evidence Rule 702, the Court must determine if the testimony being offered by the expert is reliable.

---

[4] *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 841 (1st Cir. 1993) (*citing* Fed. R. Civ. P. 56(c)).
[5] Transcr. Depo. Peter Shields ¶ 39:15–21, *Cathy Batton Executrix of the Estate of Dewey Batton v. CSX Transp Inc.*, No. 07CVS-4453 (N.C. 5th Dist. Super. Ct.) (Sept. 26, 2008) [Exhibit 13] [hereinafter *Sept. 26 Depo*].
[6] Transcr. Depo. Peter Shields ¶ 6:19–7:5, *Gerardo Campos v. Safety-Kleen Sys.*, No. 3:12-CV-01529-ADC (D.P.R.) (May 9, 2014) [Exhibit 14] [hereinafter *May 9 Deposition*].
[7] *Id*. at ¶ 17:14–24 [Exhibit 15].

What is reliable is the truth, because it never changes. When an expert changes an opinion to fit the case as opposed to what he has sworn to in the past, that testimony fails the requirements of *Daubert* and Federal Evidence Rule 702, in that an expert's opinion must be reliable. Reliable is defined as "able to be trusted" or "believed."[8] If an expert cannot rely on his own prior beliefs regarding benzene being the cause of CML, why would this Court rely on his new assertion that it does not?

Dr. Shields also testified that he was the Defendant's general causation expert in this case.[9] Therefore, based on his prior sworn testimony that benzene can cause CML, there should be no issue as to the general causation in this particular matter. Dr. Goldsmith, who is the Plaintiffs' expert in this case, has also clearly established both in his report and deposition testimony that there is no question that CML and benzene exposure occur in the general population from a statistically significant standpoint.[10]

While it is anticipated that Dr. Shields will, in reply to this motion, try to distance himself from his prior testimony, it is important to know that at the time his deposition was taken when he made those comments back in September 2008, he was given an opportunity to fill out an Errata Sheet and chose not to do so.[11]  Dr. Shields testified he would never give an opinion as to what causes a particular ailment such as leukemia unless he went through the exercise of utilizing the criteria set forth in the Bradford Hill scientific model for determining causation and would have done that if asked in the past what causes CML.[12]

---

[8] *Merriam-Webster Dictionary*, http://www.merriam-webster.com/dictionary/reliable (last visited May 29, 2014) [Exhibit 16].
[9] *May 9 Deposition,* at 8:6-25 [Exhibit 17].
[10] Transcr. Depo. David Goldsmith ¶ 86:3–93:7, *Campos v. Safety Kleen* (April 29, 2014) [Exhibit 18].
[11] *See* Memo from Matt Lehocky, HG Litigation Services, L.P., to Frank J. Gordon, (Oct. 7, 2008) [Exhibit 19]; *see also* Sep. 26 *Deposition*, at ¶ 129-30 [Exhibit 20].
[12] *May 9 Deposition*,  at ¶ 18.3–19:1 [Exhibit 21].

## CONCLUSION

Given the fact that Dr. Shields testimony in this case clearly fails to meet the *Daubert* standard as to reliability, where he has stated two different diametrically opposed opinions on the very same issue, the only testimony that the court can rely upon is that of Dr. Arthur Frank and Dr. Goldsmith the specific and general causation experts of the Plaintiff.  As a result of there being no competent expert testimony the Defendant can offer to the Court, to counter the two Plaintiff's experts opinions on specific and general causation, so as to create an issue of fact, summary judgment should be entered on the Plaintiff's behalf.  In addition the Court should strike Dr. Shields as an expert on specific causation under *Daubert,* based on his opinions being inherently unreliable.

DATED:  June 13, 2014,

Respectfully submitted,

/s/ Michael A. Robb
**Michael A. Robb, Esq.**
Florida Bar No.  651583
Clark, Robb, Mason,
Coulombe Buschman &
Charbonnet, P.A.
7501 Wiles Road, Suite 207
Coral Springs, Florida 33067
Tel:  954-753-3902
Fax:  954-753-3903
E-mail: mrobb@clarkrobb.com

And

**Lilliam E. Mendoza-Toro**
1564 Tamesis
Urb. El Paraiso
San Juan, PR 00926
Tel:  787-772-3589
Fax: 787-502-1089
Email: mendozatorolaw@aol.com

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that on this day, June 13, 2014, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, District of Puerto Rico, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

        Respectfully submitted,

        /s/ Michael A. Robb
        **Michael A. Robb, Esq.**
        Florida Bar No. 651583
        Clark, Robb, Mason,
        Coulombe Buschman
        & Charbonnet, P.A.
        7501 Wiles Road
        Suite 207
        Coral Springs, Florida 33067
        Tel: 954-753-3902
        Fax: 954-753-3903
        E-mail: mrobb@clarkrobb.com