UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GERARDO CAMPOS, ET AL., : | |
| Plaintiffs, : | CASE NO. 3:12-cv-01529-PAD |
| v. : | |
| SAFETY-KLEEN SYSTEMS, INC., ET AL., : | |
| Defendants. : | |

**DEFENDANT SAFETY-KLEEN SYSTEMS, INC.'S EVIDENTIARY OBJECTIONS TO EVIDENCE AND MOTION TO STRIKE EVIDENCE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT/OBJECTION TO MOTION TO STRIKE DR. PETER SHIELDS UNDER FEDERAL RULE OF EVIDENCE 702 AND *DAUBERT***

COMES NOW Defendant, SAFETY-KLEEN SYSTEMS, INC., by and through its undersigned attorneys, and files this Objection to Evidence and Motion to Strike Evidence in Support of Plaintiffs' Motion for Summary Judgment/Motion to Strike Dr. Peter Shields ("Plaintiffs' Motion") under Federal Rule of Evidence 702 and *Daubert* (ECF No. 111):

**I.     MOTION TO STRIKE STANDARD.**

In adjudicating Plaintiff's Motion to Strike Dr. Shields and Motion for Summary Judgment, this Court cannot consider inadmissible evidence. Evidence submitted as part of a motion for summary judgment "must be admissible." Fed. R. Civ. P. 56(c); see *Vazquez v. Lopez–Rosario,* 134 F.3d 28, 33 (1st Cir.1998). Additionally, Federal Rule of Civil Procedure 56(c) provides that "affidavits or declarations" made in support of or opposition to such motions must "set out facts that would be admissible in evidence." Where a plaintiff submits evidence that violates Rule 56, a motion to strike is warranted. See Giles v. Univ. of Toledo, 241 F.R.D. 466, 469 (S.D. Ohio 2007) ("it is appropriate for the Court to strike portions of affidavits that do not satisfy the requirements of Rule 56").

1

## II.     ARGUMENT AND AUTHORITY FOR STRIKING PLAINTIFFS' EVIDENCE

1. Exhibits 2-12:

**Exhibit 2:** JOHNS HOPKINS MEDICINE, *Leukemia*, http://www.hopkinsmedicine.org/kimmel_cancer_center/centers/pediatric_oncology/cancer_types/leukemia.html (last visited May 29, 2014)

**Exhibit 3:** Peter H. Wiernik, CHILDREN'S LEUKEMIA RESEARCH ASSN, INC.*: Overview of Acute and Chronic Leukemias and Related Disorder*, http://www.childrensleukemia.org/overview.html (last visited May 29, 2014)

**Exhibit 4:** CANCER COUNCIL NSW, *Causes of Chronic Myeloid Leukaemia*, http://www.cancercouncil.com.au/73604/b1000/chronic-myeloid-leukaemia-21/causes-of-chronic-leukaemia/ (May 2011)

**Exhibit 5:** MONTANA CANCER CONTROL PROGRAM, *Quarterly Surveillance Report: Leukemia, Lymphoma, and Myeloma*, http://webcache.googleusercontent.com/search?q=cache:http://www.dphhs.mt.gov/publichealth/cancer/documents/LeukemiaLymphomaMyeloma.pdf (Jan. 2008)

**Exhibit 6:** AFRICA CANCER FOUNDATION, *Leukaemia*, www.africacancerfoundation.org (last visited May 29, 2014)

**Exhibit 7:** HEALTH 24, *Leukaemia*, http://www.health24.com/Medical/Cancer/About-cancer/Leukaemia-20120721 (Feb. 22, 2011)

**Exhibit 8:** UNIVERSITY OF CALIFORNIA-DAVIS COMPREHENSIVE CANCER CENTER, *Leukemia*, http://www.ucdmc.ucdavis.edu/cancer/cancer_types/leukemia.html (last visited May 29, 2014)

**Exhibit 9:** IRISH CANCER SOCIETY, *Causes and Prevention of Chronic Myeloid Leukaemia*, http://www.cancer.ie/cancer-information/chronic-myeloid-leukaemia/causes-prevention (last visited May 29, 2014)

**Exhibit 10:** Abdul Mottalib et al., *BMC Research Notes: Phase Distribution of Chronic Myeloid Leukemia in Bangladesh*, http://www.biomedcentral.com/1756-0500/7/142 (2014)

**Exhibit 11:** Cancer Research UK, *Chronic Myeloid Leukemia (CML) Risks and Causes,* http://cancerresearchuk.org/cancer-help/type/cml/about/chronic-myeloid-leukemia-risks-and-causes (last visited May 29, 2014)

The Court should strike Exhibits 2-11 because they constitute inadmissible hearsay, and "hearsay evidence may not be considered on a motion for summary judgment." See *Saccucci Auto Grp., Inc. v. Am. Honda Motor Co.*, 617 F.3d 14, 25 (1st Cir.2010), *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). Federal Rule of Evidence 801(c) defines hearsay as a statement "the declarant does not make while testifying at the current trial or hearing [,] and ... [that] a party offers in evidence to prove the truth of the matter asserted in the statement." Such out-of-court statements are inadmissible. *See* Fed. R. Evid. 802. Here, the websites in Exhibits 2-11 contain exactly that - inadmissible hearsay. Plaintiffs offer these documents to prove the truth of the matter asserted that benzene is capable of causing CML. None of the statements made in these documents, by their mostly unknown authors, are directed to this Court. Absent some exception, these statements are hearsay, and neither is admissible.

There is no exception that can save Plaintiffs' Exhibits 2-11. While the proponent of hearsay - here, Plaintiffs - must demonstrate that the challenged statements fit within an exception to the rule against hearsay, *see United States v. Arnold,* 486 F.3d 177, 206 (6th Cir. 2007), it is clear that none applies. For example, the statements made on these websites were not describing an event as it happened, *see* Fed. R. Evid. 803(1), nor were their authors speaking excitedly at the time of an event, *see* Fed. R. Evid. 803(2). Nor do the websites in Exhibit 2-11 qualify as "non-hearsay" under Federal Rule of Evidence 801(c). These websites do not constitute a prior inconsistent statement of the declarant, *see* Fed. R. Evid. 801(d)(1), nor are they made by Dr. Peter Shields, his agents, or Safety-Kleen, *see* Fed. R. Evid. 801(d)(2). Indeed, it is unclear how Exhibit 2-11's statements fit into *any* exceptions to the rule against hearsay found in Fed. R. Evid. 803.

Plaintiffs might respond that the website constitutes a business record under the exception

in Federal Rule of Evidence 803(6), but they would be wrong. Under that rule, hearsay is rendered admissible if it is a "record" made by someone "with knowledge" of its information, "kept in the regular course of business," and if that record "was a regular practice of that activity." Fed. R. Evid. 803(6)(A), (B), and (C). These requirements must be demonstrated "by the testimony of the custodian" or by a self-authenticating certification consistent with Federal Rule of Evidence 902(11) and (12). Fed. R. Evid. 803(6)(D); *United States v. Jenkins,* 345 F.3d 928, 935 (6th Cir. 2004). In their Motion, Plaintiffs make no effort to demonstrate any of these required elements for Exhibit 2-11's admission. As a result, none of the statements can be considered in adjudicating Plaintiffs' Motion.

Safety-Kleen further objects to the relevance of this evidence. Plaintiffs' experts in this case did rely upon or refer to any of these materials in offering their causation opinions. A toxic tort plaintiff must prove both general causation (that the alleged toxin is capable of causing the disease at issue in humans) and specific causation (that the alleged toxin did, in fact, cause the plaintiff's disease),[1] both of which involve scientific assessments that must be established through expert testimony.[2]

---

[1] *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 677 (6th Cir. 2011); *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188 (6th Cir. 1988); *Bonner v. ISP Techs. Inc.*, 259 F.3d 924, 928 (8th Cir. 2001) ("[t]o prove causation in a toxic tort case, a plaintiff must show both that the alleged toxin is capable of causing injuries like that suffered by the plaintiff in human beings subjected to the same level of exposure as the plaintiff, and that the toxin was the cause of the plaintiff's injury"); *see also* Federal Judicial Center, *Reference Manual on Scientific Evidence* 627 (3d. ed. 2011) (defining specific causation as "whether exposure to an agent was responsible for a given individual's disease.") As to specific causation, the plaintiff must show (1) dose-response relationship, (2) temporality, (3) absence of confounders, and (4) coherence. Dose-response refers to an exposure to the toxic substance at a level sufficient to induce the complained-of medical condition. *See Pluck*, 640 F.3d at 677; *see also Kelley v. American Heyer-Schulte Corp.*, 957 F.Supp. 873, 875 (W.D. Tex. 1997); *Hall v. Baxter Healthcare Corp.*, 947 F.Supp. 1387, 1412-1413 (D. Or. 1996). Temporality refers to the requirement that the exposure to the toxic substance is related in time to the onset of the disease, e.g. the effect did not precede the alleged exposure. *Downs v. Perstorp Components, Inc.* 126 F.Supp.2d 1090, 1095 (E.D. Tenn, 1999).

[2] Numerous district courts in Puerto Rico and throughout the United States require expert testimony to maintain a cause of action in products liability cases such as this one. *Rubio-Gonzalez v. Bridgestone-Firestone, Inc.*, 2006 WL 2715152 (D.P.R. 2006); *Fremaint v. Ford Motor Co.*, 258 F. Supp. 2d 24, 27 ( D.P.R. 2003); *Cruz Vargas v. R.J. Reynolds Tobacco Co.*, 218 F. Supp. 2d 109, 119 (D.P.R. 2002); *Carbalo-Rodriguez v. Clark Equip. Co.*, 147 F. Supp. 2d 66, 71 (D.P.R. 2001); *Collazo-Santiago v. Toyota Motor Corp.*, 937 F. Supp. 134, 137 (D.P.R. 1996). *Pluck*, 640 F.3d at 677; *Baker*, 680 F.Supp.2d at 874; *see also* Fed. R. Evid. 702. In the recent case of *Rivera-*

Additionally, the Court should exclude Exhibits 2-11 to Plaintiffs' Motion because they have not been properly authenticated. To be admissible, the proponent of an item must demonstrate "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Evidence that is not properly authenticated cannot be considered when weighing a motion for summary judgment. *See generally Hoffman v. Applicators Sales And Service, Inc.,* 439 F.3d 9, 14; *Back v. Hall,* 2010 U.S. Dist. LEXIS 13913, at *18 (E.D. Ky. Feb. 18, 2010) (excluding e-mail from consideration in motion for summary judgment because it was not properly authenticated); *Couch,* 2009 U.S. Dist. LEXIS at *22-23 (evidence considered on summary judgment motion must be properly authenticated). Plaintiffs have made no effort to authenticate the websites through anyone's testimony. *See* Fed. R. Evid. 901(b)(1) (authentication through testimony of a witness with knowledge). Without such evidence, Plaintiffs' Exhibits 2-11 cannot be properly considered as part of Plaintiffs' Motion.

*Court's Ruling On Objection:* Sustained \_\_\_\_\_ Overruled\_\_\_\_\_

2. **Exhibit 12:** Abdul Mottalib et al., BMC Research Notes: Phase Distribution of Chronic Myeloid Leukemia in Bangladesh.

Defendant objects to Exhibit 12 on the grounds that it constitutes inadmissible hearsay, and "hearsay evidence may not be considered on a motion for summary judgment." Fed. R. Evid. 801-803; s*ee Saccucci Auto Grp., Inc. v. Am. Honda Motor Co.*, 617 F.3d 14, 25 (1st Cir.2010),

---

*Pomales*, the court held that the plaintiffs could not maintain their negligence or strict liability claims against Firestone because the plaintiffs' lone liability expert was excluded under *Daubert. Rivera-Pomales v. Bridgestone Firestone Inc.*, 217 F.R.D. at 295-296. The *Rivera-Pomales* court further held that the plaintiffs could not establish a causal link between the alleged defect in the tire and the plaintiffs' injuries without expert testimony. *See Id*. Similarly, Plaintiff in this case cannot support her negligence or strict liability causes of action against Firestone without her expert's testimony, which should be stricken because he and his theories do not satisfy the admissibility standards spelled out in *Daubert, Kumho Tire* and Rule 702, Federal Rules of Evidence.

*Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). It constitutes an out of court statement offered to prove the truth of the matter asserted therein, and does not fall within any exception. *Id.*[3]

Safety-Kleen also objects to Exhibit 19 to Plaintiffs' Motion because it has not been properly authenticated. To be admissible, the proponent of an item must demonstrate "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Evidence that is not properly authenticated cannot be considered when weighing a motion for summary judgment. *See generally Hoffman v. Applicators Sales And Service, Inc.,* 439 F.3d 9, 14; *Back v. Hall,* 2010 U.S. Dist. LEXIS 13913, at *18 (E.D. Ky. Feb. 18, 2010) (excluding e-mail from consideration in motion for summary judgment because it was not properly authenticated); *Couch,* 2009 U.S. Dist. LEXIS at *22-23 (evidence considered on summary judgment motion must be properly authenticated). Plaintiffs have made no effort to authenticate this exhibit through anyone's testimony. *See* Fed. R. Evid. 901(b)(1) (authentication through testimony of a witness with knowledge). Without such evidence, Plaintiffs' Exhibit 12 cannot be properly considered as part of Plaintiffs' Motion.

*Court's Ruling On Objection:* Sustained \_\_\_\_\_ Overruled\_\_\_\_\_

3. Exhibits 13 and 20:

**Exhibit 13:** Transcr. Depo. Peter Shields ¶ 39:15–21, *Cathy Batton Executrix of the Estate of Dewey Batton v. CSX Transp Inc.*, No. 07CVS-4453 (N.C. 5th Dist. Super. Ct.) (Sept. 26, 2008)

**Exhibit 20:** Transcr. Depo. Peter Shields ¶ 129-30, *Cathy Batton Executrix of the Estate of Dewey Batton v. CSX Transp Inc.*, No. 07CVS-4453 (N.C. 5th Dist. Super. Ct.) (Sept. 26, 2008)

Safety-Kleen objects to Plaintiffs' use of Dr. Shields' prior testimony and requests the Court strike this purported evidence from the record. These exhibits should be excluded

---

[3] Safety-Kleen further incorporates its above objections and authorities to Exhibits 2-11.

pursuant to Federal Rule of Evidence 401, 402 and 403.  As Plaintiffs seek to prove Dr. Shields' believes or believed that benzene exposures can cause CML, and Dr. Shields' has provided sworn written testimony that he spoke in error at the time of his deposition in the *Batton* case, these documents are irrelevant to these proceedings and Plaintiffs' Motion.  Assuming *arguendo*, that these exhibits are relevant the Court may exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice.

*Court's Ruling On Objection:* Sustained _____ Overruled_____

4. **Exhibit 19:** Memo from Matt Lehocky, HG Litigation Services, L.P., to Frank J. Gordon, (Oct. 7, 2008)

Defendant objects to Exhibit 19 on the grounds that it constitutes inadmissible hearsay, and "hearsay evidence may not be considered on a motion for summary judgment." Fed. R. Evid. 801-803; s*ee Saccucci Auto Grp., Inc. v. Am. Honda Motor Co.*, 617 F.3d 14, 25 (1st Cir.2010), *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996).  It constitutes an out of court statement offered to prove the truth of the matter asserted therein, and does not fall within any exception.  *Id.*[4]

Safety-Kleen also objects to Exhibit 19 to Plaintiffs' Motion because it has not been properly authenticated.  To be admissible, the proponent of an item must demonstrate "evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  Evidence that is not properly authenticated cannot be considered when weighing a motion for summary judgment.  *See generally Hoffman v. Applicators Sales And Service, Inc.,* 439 F.3d 9, 14; *Back v. Hall,* 2010 U.S. Dist. LEXIS 13913, at *18 (E.D. Ky. Feb. 18, 2010) (excluding e-mail from consideration in motion for summary judgment because it was not properly authenticated); *Couch,* 2009 U.S. Dist. LEXIS at *22-23 (evidence considered on

---

[4] Safety-Kleen further incorporates its above objections and authorities to Exhibits 2-11.

summary judgment motion must be properly authenticated).  Plaintiffs have made no effort to authenticate this exhibit through anyone's testimony.  *See* Fed. R. Evid. 901(b)(1) (authentication through testimony of a witness with knowledge).  Without such evidence, Plaintiffs' Exhibit 19 cannot be properly considered as part of Plaintiffs' Motion.

*Court's Ruling On Objection:* Sustained \_\_\_\_\_ Overruled\_\_\_\_\_

5. **Exhibit 24:** Dec. Gerardo Campos (Nov. 16, 2013).

Declaration testimony is subject to the evidentiary requirements of the Federal Rules of Evidence. *See Block v. City of Los Angeles,* 253 F.3d 410, 418-19 (9th Cir. 2001). Safety-Kleen objects on the grounds that the testimony is being offered to support the truth of the matter asserted, i.e. Mr. Campos' employment history and exposures to SK 105. Fed. R. Evid. 801-803. Exhibit 24 constitutes an out of court statement offered to prove the truth of the matter asserted therein, and does not fall into any exception. *Id*.

*Court's Ruling On Objection:* Sustained \_\_\_\_\_ Overruled\_\_\_\_\_

III. **CONCLUSION**

For the foregoing reasons, the Court should grant Safety-Kleen Systems, Inc.'s Motion to Strike.

Respectfully submitted,

JONES CARR M<sup>c</sup>GOLDRICK, L.L.P.

/s/ Amanda M. Koch
James J. M<sup>c</sup> Goldrick
Texas State Bar No. 00797044
Jeffrey F. Wood
Texas State Bar No. 24025725
Amanda M. Koch
Texas State Bar No. 24051089

        Heather J. Forgey
Texas State Bar No. 24048628
5910 N. Central Expy., Ste. 1700
Dallas, TX  75206
Phone:  (214) 828-9200
Fax:     (214) 828-9229
James.mcgoldrick@jcmfirm.com
Jeff.wood@jcmfirm.com
Amanda.koch@jcmfirm.com
Heather.forgey@jcmfirm.com

     and

Giancarlo Font-García
RIVERA-CARRASQUILLO, MARTÍNEZ & FONT
P.O. Box 9024081
San Juan, PR 00902-4081
Phone:  (787) 622-6999

ATTORNEYS FOR DEFENDANT
SAFETY-KLEEN SYSTEMS, INC.

## **CERTIFICATE OF SERVICE**

On July 16, 2014, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, District of Puerto Rico, using the ECF system.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

    By:     */s/ Amanda M. Koch*
        **Amanda M. Koch**