UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| GERARDO CAMPOS, ET AL., | : | |
| | : | |
| Plaintiffs, | : | CASE NO. 3:12-cv-01529-PAD |
| | : | |
| v. | : | |
| | : | |
| SAFETY-KLEEN SYSTEMS, INC., ET AL., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT SAFETY-KLEEN SYSTEMS, INC.'S MOTION FOR LEAVE TO RE-FILE OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT/ OBJECTION TO MOTION TO STRIKE DR. PETER SHIELDS UNDER FEDERAL RULE OF EVIDENCE 702 AND *DAUBERT***

DEFENDANT SAFETY-KLEEN SYSTEMS, INC. ("Safety-Kleen"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b)(1) and Local Rules 6 and 7, file this its Motion for Leave to Re-File Opposition to Plaintiffs' Motion for Summary Judgment/Objection to Motion to Strike Dr. Peter Shields under Federal Rule of Evidence 702 and *Daubert*, one day after the relevant deadline, based upon an inadvertent mistake by Defendant in uploading the incorrect document to the Court's electronic filing system at ECF No. 140. In support of this Motion, Safety-Kleen respectfully shows unto the Court as follows:

**FACTUAL BACKGROUND**

On June 13, 2014, Plaintiffs filed their Motion to Exclude the Testimony of Julie Panko and Motion for Sanctions ("Panko Motion") and Motion for Summary Judgment/Motion to Strike Dr. Peter Shields under Federal Rule of Evidence 702 and *Daubert* ("Shields Motion"). *See* ECF Nos. 110 and 111. On June 23, 2014, based upon stipulated agreement by the parties, Safety-Kleen filed Defendant's Unopposed Motion to Extend Deadlines for Filing Oppositions to Certain Motions and requested that the filing deadline for oppositions to various motions, including Plaintiffs' Panko Motion and Shields Motion, be extended from June 30, 2014 to July

1

16, 2014. *See* ECF No. 121. The Court subsequently granted the requested extension and ordered that oppositions be filed by July 16, 2014. *See* ECF No. 126.

In conformance with the above-referenced Order, Safety-Kleen filed its responsive materials to the Panko Motion and Shields Motion on July 16, 2014, via the Court's electronic filing system. *See* ECF Nos. 137-141. These materials were meant to include Safety-Kleen's (1) Objection to Plaintiffs' Motion to Exclude the Testimony of Julie Panko and Motion for Sanctions, and accompanying exhibits (ECF No. 138), (2) Request for Leave to File Objection to Plaintiffs' Motion to Exclude the Testimony of Julie Panko and Motion for Sanctions in Excess of the 15-Page Limit (ECF No. 137), (3) Evidentiary Objections to Evidence and Motion to Strike Evidence in Support of Plaintiffs' Motion for Summary Judgment/Objection to Motion to Strike Dr. Peter Shields under Federal Rule of Evidence 702 and *Daubert* (ECF No. 139), (4) Opposition to Plaintiffs' Motion for Summary Judgment/Objection to Motion to Strike Dr. Peter Shields under Federal Rule of Evidence 702 and *Daubert* (ECF No. 140), and (5) Opposing Statement of Material Facts in Support of its Opposition to Plaintiffs' Motion for Summary Judgment/Motion to Strike Dr. Peter Shields under Federal Rule of Evidence 702 and *Daubert,* and accompanying exhibits (ECF No. 140-1 and 141-0 – 141-16). *Id.*

In completing said electronic filings, counsel for Safety-Kleen encountered technical issues related to a key-strike mistake in completing one filing and the filing system's rejection of various exhibits filed in support of Safety-Kleen's Opposition to Plaintiffs' Motion for Summary Judgment/Objection to Motion to Strike Dr. Peter Shields under Federal Rule of Evidence 702 and *Daubert*. *See* Declaration of Amanda M. Koch, attached hereto as Ex. A. These technical issues required counsel to restart the filing process of a voluminous amount of material on at least two occasions. *Id.* As a result of the time delay caused by these complications, and in an effort to quickly reload Safety-Kleen's filings in conformance with the filing deadline, counsel

inadvertently filed Safety-Kleen's Evidentiary Objections to Evidence and Motion to Strike twice—one of those times mistakenly in place of Safety-Kleen's Opposition to Plaintiffs' Shields Motion. *Id. See* ECF Nos. 139 and 140.

Counsel for Safety-Kleen did not discover this error until the next morning, July 17, 2014, when the file-marked documents were pulled from Pacer and saved to counsel's files. *See* Ex. A. Counsel immediately took steps to rectify the situation, contacted the court clerk, and was directed to re-file the correct document, Safety-Kleen's Opposition to the Shields Motion. *Id.* The deputy clerk subsequently entered a Notice of Docket Text Modification, noting, "[140] First Motion for Summary Judgment Opposition to Plaintiffs' Motion by Safety-Kleen Systems, Inc.***FILED IN ERROR-WRONG PDF. Counsel to correct and re-file.***." *See* Notice of Docket Text Modification by Deputy Clerk, Jul. 17, 2014. Shortly thereafter, based upon the foregoing, Safety-Kleen refiled the correct document. *See* ECF No. 144.

Although directed to re-file its Opposition, Safety-Kleen files the instant Motion for Leave in an abundance of caution to ensure full compliance with both Federal Rule of Civil Procedure 6(b)(1) and this Court's local rules. *See* Fed. R. Civ. P. 6(b)(1); *see also* Local Rule 6.

## II. ARGUMENT AND AUTHORITY

The Federal Rules of Civil Procedure empower courts to grant an extension of time after a deadline has passed, upon motion of party, if the party failed to act because of "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B)[1]; *see also* Fed. R. Civ. P. 1 (These rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action.") Courts have instructed that Rule 6(b)(1)(B), like all Federal Rules of Civil Procedure, is to be construed to effectuate the general purpose of seeing that cases are determined on the merits. *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983); *Medeiros v. U.S.*, 621 F.2d 468, 470

---

[1] "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

(1st Cir. 1980).

In determining what constitutes "excusable neglect" the Court considers all relevant circumstances surrounding the party's omission including: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Pratt v. Philbrook*, 109 F.3d 18, 19-20 (1st Cir. 1997) (noting that the Court's discussion of "excusable neglect" in *Pioneer* applies to the term's use in Fed. R. Civ. P. 6(b).)  In *Pioneer*, the Court declined to limit the "neglect" which might be excusable to those circumstances caused by intervening circumstances beyond a party's control. Rather, the Court concluded that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness." *Pioneer Inv. Servs. Co.,* 507 U.S. at 388.

For example, in *Engineering & Mfg. Services,* the court found the trial court's failure to consider a late-filed opposition to a summary judgment motion to be an abuse of discretion when, as here, the delay was only <u>one day</u>, there was no bad faith, no prejudice existed, and the late filing was due to a technical computer error that was remedied the next day. *Engineering & Mfg. Services, LLC v. Ashton*, 387 Fed.Appx. 575, 579 n.3, 582-583 (6th Cir. 2010); s*ee also Alexander v. Principi*, 16 Fed.Appx. 755, 759-760 (9th Cir. 2001) (District Court abused its discretion in rejecting a late filed opposition to summary judgment motion when party demonstrated excusable neglect).

Here, as in *Engineering & Mfg. Services*, the *Pioneer* factors all weigh in favor of finding that Safety-Kleen's one-day filing delay is excusable neglect.  Plaintiffs will not suffer prejudice from a less than 24-hour delay in receiving Safety-Kleen's Opposition to their Shields Motion,

4

and, to the extent Plaintiffs would seek an additional 24 hours to file a reply, if they choose do so, Safety-Kleen certainly would not oppose such an extension. Nor will Safety-Kleen's one-day delay impact any other proceedings, as there are currently no additional deadlines in place, other than the Court's request that the parties supply bound copies of their *Daubert* and dispositive motions to the Court by August 10, 2014. *See* Docket Text Order regarding courtesy copies of Court filings, dated July 17, 2014, on file herein.

Further, the reason for the delay was based upon mistake and inadvertence and a result of a clerical error amidst continued technical issues encountered while uploading Safety-Kleen's various briefing papers and accompanying exhibits. *See* Ex. A. The filing error was not the result of any culpable conduct but merely occurred while counsel for Safety-Kleen attempted to file and serve materials in a good faith and timely manner. This is precisely the kind of excusable error the *Pioneer* Court envisioned when it empowered courts to accept late filings caused by "inadvertence, mistake, or carelessness." *Pioneer Inv. Servs. Co.,* 507 U.S. at 388.

### III.  CONCLUSION

Because Safety-Kleen acted in good faith in attempting to timely upload its responsive briefing, and given that Safety-Kleen's filing error was not the result of any culpable conduct on Defendant's part, counsel took immediate steps to rectify its mistake, and Plaintiffs will not suffer prejudice from receiving Safety-Kleen's filing less than 24 hours after the deadline, Safety-Kleen respectfully requests this Court grant it leave to re-file its Opposition to Plaintiffs' Motion for Summary Judgment/Objection to Motion to Strike Dr. Peter Shields under Federal Rule of Evidence 702 and *Daubert* and accept said Motion and all accompanying exhibits (ECF No. 144) as a timely filing under the Federal Rules of Civil Procedure and Local Rule 7.
WHEREFORE, Safety-Kleen Systems, Inc. respectfully requests that this Honorable Court grant its Motion for Leave and deem Safety-Kleen's refiled Opposition to Plaintiffs' Motion for

Summary Judgment/Objection to Motion to Strike Dr. Peter Shields under Federal Rule of Evidence 702 and *Daubert* and accept said Motion and all accompanying exhibits (ECF No. 144) as a timely, as well as any and all other relief which the Court deems justified.

**RESPECTFULLY SUBMITTED**, this 17th day of July, 2014.

              Respectfully submitted,

              JONES CARR M$^c$GOLDRICK, L.L.P.

              /s/ Amanda M. Koch
              James J. M$^c$ Goldrick
              Texas State Bar No. 00797044
              Jeffrey F. Wood
              Texas State Bar No. 24025725
              Amanda M. Koch
              Texas State Bar No. 24051089
              Heather J. Forgey
              Texas State Bar No. 24048628
              5910 N. Central Expy., Ste. 1700
              Dallas, TX  75206
              Phone:  (214) 828-9200
              Fax:     (214) 828-9229
              James.mcgoldrick@jcmfirm.com
              Jeff.wood@jcmfirm.com
              Amanda.koch@jcmfirm.com
              Heather.forgey@jcmfirm.com

              and

              Giancarlo Font-García
              RIVERA-CARRASQUILLO, MARTÍNEZ & FONT
              P.O. Box 9024081
              San Juan, PR 00902-4081
              Phone:  (787) 622-6999

              ATTORNEYS FOR DEFENDANT
              SAFETY-KLEEN SYSTEMS, INC.

## **CERTIFICATE OF SERVICE**

On July 17, 2014, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, District of Puerto Rico, using the ECF system. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By:    */s/ Amanda M. Koch*
        **Amanda M. Koch**