UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GERARDO CAMPOS, et al | : |
| | : |
| Plaintiffs | : CASE NO. 3:12-cv-01529-PAD-(BJM) |
| | : |
| vs. | : |
| | : |
| SAFETY-KLEEN SYSTEMS, INC., et al | : |
| | : |
| Defendants | : |

**PLAINTIFFS' REPLY TO DEFENDANT SAFETY-KLEEN'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT/MOTION TO STRIKE DR. PETER SHIELDS UNDER FEDERAL RULE OF EVIDENCE 702 AND *DAUBERT***

The Plaintiffs hereby file this as a Reply to Defendant Safety-Kleen's Opposition to the Plaintiffs' Motion for Summary Judgment and Motion to Strike Dr. Peter Shields. Nothing contained within Defendant Safety-Kleen's Motion should excuse the fact that Dr. Shields has clearly contradicted his prior testimony, and that the explanation contained within his Declaration is nothing more than a request for a do over—or in golf terminology, a "mulligan." Since this is a Court of law and not a game of leisure, the Court should not allow this tactic to prevent the Plaintiffs from being granted the relief that has been requested in their motion.

**I.   DR. SHIELDS' INCONSISTENT TESTIMONY MAKES HIS OPINIONS INHERENTLY UNRELIABLE AND HIS TESTIMONY AND SIGNED DECLARATION SHOULD BE STRICKEN UNDER FEDERAL RULE OF EVIDENCE 702 AND *DAUBERT***

The Defendant Safety-Kleen continues to assert throughout this litigation that its product has only trace amounts of benzene, without pointing to any scientific proof or empirical testing in support of that assertion. At no point have the Defendants produced a sample for testing, despite numerous requests by the Plaintiffs to do so. The Defendants hide behind this unsupported allegation in an effort to try to convince this Court that their product has been

extensively tested and that there are empirical results in regards to that testing, when nothing can be further from the truth. Safety-Kleen's own expert Dr. Breece testified that any and all empirical data that would substantiate this assertion, was unceremoniously dumped in the trash sometime back in the 1990s.[1] The Defendants begin their Memorandum of Law by making the following statement: "Plaintiffs also move for a summary judgment determination that benzene exposure causes CML."[2] That is not the issue in determining whether Dr. Shields' testimony has any place in the courtroom. That not being at issue in this Reply, the Court should ask itself, "Why did the Defendant go back to their case specific expert [Dr. Shields] and request him to submit a fourteen page Declaration, in effort to explain away and discredit his prior sworn testimony, which asserted that CML is caused by benzene exposure?"

In that Declaration, after Dr. Shields obviously got the call from Safety-Kleen that they had a major problem, and he completely renounced his previously sworn testimony that benzene exposure causes CML, and proposed his current contention that exposure at any dose of benzene does not cause CML.[3] Dr. Shields' Declaration states that "[he] cannot recall the context for [his] response"[4], referring to the statements he made in a prior sworn deposition under the penalty of perjury. Hindsight and regret aside, the context was really quite simple in that deposition. Dr. Shields took an oath to tell the truth.[5] At deposition, he was posed the following

---

[1] Transcr. Depo. James Breece, *Judith Hendrian, individually and as personal representative of The Estate of Howard G. Hendrian v. Safety-Kleen Sys. Inc.*, No.: 08-CV-14371, 158:16–25 (D.P.R.) (Jun. 12, 2013) (Document Entry 118-5) [Exhibit 1] [hereinafter *Breece Deposition-Hendrian*].
[2] Def. Safety-Kleen Sys., Inc. Opposition to Pl.'s Mot. S.J./Objection to Strike Dr. Peter Shields under Fed. R. Evid. 702 and Daubert, No. 3:12-cv-01529-PAD, 3 [¶ 2] (D.E. 141) [Exhibit 2] [hereinafter *Defendant's Opposition Motion*].
[3] Decl. of Dr. Peter G. Shields, No. 3:12-cv-01529-ADC-BJM, 2 [¶ 1] (D.E. 144-2) [Exhibit 3] [hereinafter *Shields Declaration*].
[4] *Id.* at 2 [¶ 2].
[5] Transcr. Depo. Peter Shields, *Cathy Batton Executrix of the Estate of Dewey Batton v. CSX Transp. Inc.*, No. 07CVS-4453, 3:9–11 (N.C. 5th Dist. Super. Ct.) (Sept. 26, 2008) (D.E. 135-5) [Exhibit 4] [hereinafter *Shields Deposition-Batton*].

question: "Does benzene cause any form of leukemia in humans?"[6]; without reservation or expressing a desire of clarification, he responded: "Yes, benzene can cause AML, acute myeloid leukemia as well as chronic myeloid leukemia in humans."[7] In the case that Dr. Shields' beliefs are in any way unclear from that excerpt, the next question that followed was: "AML and CML?"[8]; the answer by Dr. Shields again, without requesting a clarification to the question or asking for what context was meant, answered "That's right."[9]

The Defendant states that Dr. Shields' misstatement in that 2008 deposition transcript would have been corrected if someone would have asked him follow-up questions.[10] The Plaintiffs cannot even begin to fathom what such a follow-up question would be that one would ask a doctor to change or go back on his unqualified opinion, as to whether benzene causes CML. What Defendant Safety-Kleen also fails to mention in its Opposition Motion, where he unequivocally stated benzene causes CML, is that Dr. Shields requested to read that deposition, so as to make any corrections or comments; but at no point prior to the filing of the Declaration at issue here, was anything mentioned or an attempt made to correct, what the Defendants are now terming to be grievous error on his part for "his misstatement[s]."[11]

Safety-Kleen also has the audacity to accuse the Plaintiffs of misleading the Court for submitting prior sworn testimony of the Defendants' expert, which directly contradicts his opinions in this case. The Court should question Safety-Kleen's accusation as to how they are being misled by the Plaintiff's candor and fulfillment of its duty of disclosure, for bringing to the Court's attention the litigation tailored opinions of Dr. Shields.

---

[6] Exhibit 6, *Shields Deposition-Batton* at 39:15–16.
[7] *Id.* at 39:17–19.
[8] *Id.* at 39:20.
[9] *Id.* at 39:21.
[10] Exhibit 3, *Shields Declaration* at 3 [¶ 2].
[11] Exhibit 2, *Defendant's Opposition Motion* at 5 [¶ 2].

Dr. Shields claims that since he gave that testimony in 2008, new studies have come out that influence his opinion.[12]  However, he fails to mention that contained within his expert report that he has filed in this case, is a list of 222 references that he relied upon in reaching his opinions in this matter.  Of those 222 references, 165 of those papers or studies were published before he testified in 2008 that CML is caused by exposure to Benzene.[13]  In fact, specifically in his Declaration, Dr. Shields refers to an International Agency for Research on Cancer (IARC) report that came out after his deposition testimony in 2008, as grounds for why he should be able to change his opinion.[14]  However, in the deposition that he gave in this particular case, he stated that one cannot use the opinions of IARC or any other scientific agency on the issue of causation because they make it clear not to infer causation from the classifications assessments contained within their studies.[15]

If Dr. Shields' Declaration and future testimony is not prohibited by this Court in accordance with the request set forth in the Plaintiff's Motion to Strike Dr. Shields, then it would be of the same result to grant him a "mulligan" and further tailor his opinion to the litigation now in dispute.

## II.   DR. SHIELDS' RELIANCE ON *BRADFORD-HILL* CRITERIA DOES NOT BRING NEWFOUND RELIABILITY TO HIS HISTORY OF INCONSISTENT ASSESSMENTS

In 2008, Dr. Shields used the *Bradford-Hill* scientific criteria to determine that CML was caused by benzene exposure.  Defendant Safety-Kleen argues that Dr. Shields is now using sound scientific principles in reaching his opinions in this particular case, and that CML is not

---

[12] Exhibit 3, *Shields Declaration* at 3 [¶ 3].
[13] *Id.* at 111–26.
[14] *Id.* at 5 [*1].
[15] Transcr. Depo. Peter Shields, *Gerardo Campos v. Safety-Kleen Sys.*, No. 3:12-CV-01529-ADC, 102:9–15 (D.P.R.) (May 9, 2014) [Exhibit 5] [hereinafter *Shields Deposition-Campos*].

the cause of benzene exposure.[16] Therefore, it is clear that Defendant Safety-Kleen recognizes that the *Bradford-Hill* criteria as being a valid tool in determining the cause and ideology of a disease. Given that concession by Safety-Kleen, gives further credence to the Plaintiffs' position in this particular case that Dr. Shields should not be allowed to completely change his opinion without impunity. In this particular case, Dr. Shields stated in deposition that he would never make a statement regarding a particular drug, chemical or solvent causing a particular disease unless he went through a *Bradford-Hill* assessment.[17] He indicated that if he were ever asked whether he felt that CML was caused by benzene exposure, he would have conducted a *Bradford-Hill* assessment, before giving an opinion that a particular disease was caused by a chemical or solvent.[18]

Further proof that Dr. Shields truly believed in 2008 that CML was caused by benzene—and that his answer was not a "misstatement" or flippant remark as trying to be portrayed by both the doctor in his Declaration and Safety-Kleen in their Motion—is found in his deposition in this case, where he stated that he clearly knew the difference between the ideology/causes of AML and CML, and knew this difference as early as the 1980s.[19] Essentially, a quarter of a century before he testified in 2008 that CML is caused by benzene, Dr. Shields conceded that he was familiar with the ideology/causes of that disease in the 1980s. To only now state that he did not know what he was saying in 2008 as to the causes of CML, now that his previous claims of knowledge and understanding of the disease has been brought to light, becomes hard to fathom or believe.

---

[16] Exhibit 2, *Defendant's Opposition Motion* at 2 [¶ 2].
[17] Exhibit 5, *Shields Deposition-Campos* at 18:6–19:1.
[18] *Id.*
[19] *Id.* at 76:5–78:4.

The Defendant Safety-Kleen argues that the Court should not consider the websites of leading medical institutions and other information that is part of the record in this particular case, in the Court's determination of whether Dr. Shields should be stricken under *Daubert* or under FED. R. EVID. 702.  In his deposition, Dr. Shields was asked repetitively, and without objection by the Defendants, about a number of websites and articles that conclusively established that CML is caused by exposure to benzene.[20]  A Defendant cannot sit idly at a deposition and not raise an objection to those matters, only to later recognize the colloquy is harmful to their position, and at that point raise them in a Motion asking the Court not to consider the material that was examined at length.  These were clearly part of the record since they were identified and testified to by Dr. Shields in his deposition.

### III.     CONCLUSION

A man's word is his bond.  In 2008, Dr. Shields specifically took an oath, swore to the truth of the answers that he gave in that deposition, and clearly stated without equivocation, confusion, or request for clarification that benzene exposure causes the very disease that the Plaintiff is suffering from in this particular case.  To somehow say that he did not understand the context of that question should give the Court pause as to whether or not he is being forthright at this point.

For Dr. Shields and the Defendants to now claim that there are new studies that were not available when those statements were made back in 2008, is a blatant misstatement of the truth.  The Plaintiffs reiterate this fact in its effort to make it appear evident when 165 / 222 (nearly 75%) of the studies that Dr. Shields had at his disposal, actually predated 2008, a fair number of which dealt with the fact that CML was not yet found to be caused by benzene exposure.  Dr.

---

[20] *Id.* at 42:16–64:4.

Shields chose to discount those studies when reaching the conclusion that CML is caused by benzene exposure back in 2008, but now attempts to change this conclusion after being hired by the Defendant Safety-Kleen to refute the Plaintiff's claim.

When an expert changes his testimony and beliefs—a change dependently based upon who hires him instead of holding true to the beliefs to which he has previously testified when not employed by that Defendant—that expert becomes by their very nature unreliable and unbelievable. A court may exclude an expert's opinions under *Daubert* if there is a deficiency in just one of the following three areas: (1) qualifications, (2) reliability, or (3) fitness.[21] Dr. Shields' opinions are such as to fail to meet the requirements of being reliable and therefore, the Court should grant the relief sought by the Plaintiffs.

WHEREFORE based on the foregoing, the Plaintiffs request that this Court enter the relief requested in the Plaintiffs' Motion for Summary Judgment/Motion to Exclude Dr. Shields under FED. R. EVID. 702 and *Daubert* because it is clear that his opinions cannot be trusted or deemed reliable.

---

[21] *Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. Pa. 2003).

**Dated this 28th day of July**

        Respectfully submitted,

        /s/_ Michael A. Robb
        **Michael A. Rob**
        Florida Bar No.  651583
        Clark, Robb, Mason,
        Coulombe Buschman &
        Charbonnet, P.A.
        7501 Wiles Road, Suite 207
        Coral Springs, Florida 33067
        Tel:  954-753-3902
        Fax:  954-753-3903
        E-mail: mrobb@clarkrobb.com

        And

        **Lilliam E. Mendoza-Toro**
        1564 Tamesis
        Urb. El Paraiso
        San Juan, PR 00926
        Tel:  787-772-3589
        Fax: 787-502-1089
        Email: mendozatorolaw@aol.com

        **COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that on this day, July 28, 2014 I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, District of Puerto Rico, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Respectfully submitted,

/s/ Michael A. Robb

**Michael A. Robb**
Florida Bar No. 651583
Clark, Robb, Mason,
Coulombe Buschman
& Charbonnet, P.A.
7501 Wiles Road
Suite 207
Coral Springs, Florida 33067
Tel: 954-753-3902
Fax: 954-753-3903
E-mail: mrobb@clarkrobb.com