**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| GERARDO CAMPOS, et al | : | |
| | : | |
| Plaintiffs | : | CASE NO. 3:12-cv-01529-PAD –(BJM) |
| | : | |
| vs. | : | |
| | : | |
| SAFETY-KLEEN SYSTEMS, INC., et al | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S, SAFETY-KLEEN
SYSTEMS, INC.'S, EVIDENTIARY OBJECTIONS TO EVIDENCE AND MOTION
TO STRIKE EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT/OBJECTION TO MOTION TO STRIKE DR. PETER SHIELDS**

COMES NOW, the Plaintiffs, GERARDO CAMPOS et al, by and through their

undersigned counsel, and file this their response in opposition to the Defendant's

SAFETY-KLEEN SYSTEMS, INC.'S (SAFETY-KLEEN's) Evidentiary Objections to

Evidence and Motion to Strike Evidence in Support of Plaintiff's Motion for Summary

Judgment/Objection to Motion to Strike Dr. Peter Shields (D.E. 139), and would show

the Court as follows:

1.      Rule 803(18), Federal Rules of Evidence, provides, in pertinent part as

follows:

> The following are not excluded by the rule against hearsay,
>
> regardless of whether the declarant is available as a witness:
>
> **(18) statements in learned treaties, periodicals or
> pamphlets**.  A statement contained in a treatises, periodical,
> or pamphlet if:  (A) the statement is called to the attention of

an expert witness on cross examination are relied upon by the witness on direct examination; and (B) the publication is established as a reliable authority by the experts admission or testimony by another expert's testimony, or by judicial notice.

2.     The advisory committee notes to that rule of evidence elucidate its purpose:

> In *Reilly v. Pinkus*, 338 U.S. 269, 70 S. Ct. 110, 94 L.ED. 63 (1949), the Court pointed out that the testing of professional knowledge was incomplete without exploration of the witness' knowledge of an added to towards the treatises in the field.  The process works equally well in reverse and furnishes the basis of the rule. … The rule does not require that the witness rely upon or recognize the treatises as authoritative, thus avoiding the possibility that the expert may at the outset block cross examination by refusing to concede reliance or authoritativeness.  *Dabroe v. Rhodes*, 392 P. So.2d 317 (Wash. 1964)."

3.     SAFETY-KLEEN  objects to the utilization of treatises in Plaintiff's Motion for Summary Judgment/Motion to Strike Dr. Peter Shields (D.E. 111).  However, as indicated by Rule 803(22) the treatises cited in the Motion where extensively discussed in Dr. Shield's deposition testimony, attached hereto as Exhibit "1."  Specifically, at page 14 of his deposition, Dr. Shields testified as follows:

Q:     But do you agree there are studies that support the Plaintiff's position in this particular case that benzene can cause CML that he has in this particular case? …

A:     Among the dozens of studies that address the question, there is maybe one or one and one-half that will support there contention.[1]
*See also, Shields deposition* (Exhibit 1) at pps. 21-22;

---

[1] Exhibit 1, Transcr. Depo. Peter Shields 14:1-14, *Gerardo Campos, et al. v. Safety-Kleen Sys. Inc.*, No. 3:12-CV-01529 (D.P.R.) (May 9, 2014) [Hereinafter *Shields Deposition*]

2

The recitation of the studies both in the motion and in Dr. Shields' deposition were prompted merely to show Dr. Shields' testimony is unsupported and unsupportable.  Indeed, many studies have shown that there is a clear relationship between CML (chronic myologic leukemia) and benzene, and the studies suggested by the Plaintiffs show that fact.  To deny that the relationship exists is a misguided attempt to ignore reality.  CML is the condition which Plaintiff contends was caused by his contact with SAFETY-KLEEN'S product SK-105, which contains benzene.  Accordingly, under the rules, the cross examination and the citation to those studies as an impeachment tool for Dr. Shields is entirely appropriate under the rules.

SAFETY-KLEEN also objects to the Plaintiff's use of Dr. Shield's prior testimony that there is a causal connection between CML and benzene.  The basis for this objection is that Dr. Shield's "spoken error" at the time of his deposition in the *Batton* case, certainly, one's prior testimony sworn is admissible under Rule 801, Federal Rules of Evidence.  Rule 801 is entitled "definitions that apply to this article; exclusions from hearsay."  Rule 801(d) outlines what statements are not hearsay.  First is a declarant's prior statement.  The rule provides as follows:

> (1)   A Declarant – Witness' Prior Statement.   The declarant testifies and is subject to cross-examination about a prior statement and the statement: (A) is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing or other proceeding or in a deposition."

Certainly, Dr. Shield's prior sworn testimony is admissible under this rule and does not constitute hearsay and is important in order to understand the malleability of Dr. Shield's testimony from case to case.

Finally, SAFETY-KLEEN objects to the reference of declaration of GERARDO CAMPOS, however, that declaration has been commented upon not only by all of the Plaintiff's experts but all of the Defendant's experts as a basis for their opinions. It consists of the factual background of Mr. Campos' exposure to Benzene in SAFETY KLEEN'S product SK-105 and was fully discussed and elaborated upon by Mr. Campos in his deposition, a copy of which is attached hereto as Exhibit "2."[2] The declaration was fully expounded upon in his deposition and was marked as an Exhibit 3 to that deposition. *See also,* Exhibit 2 at pps. 152-173.

WHEREFORE, the Plaintiff prays that this Court will deny SAFETY KLEEN's evidentiary objections to evidence and Motion to Strike Evidence in Support of Plaintiff's Motion for Summary Judgment/Motion to Strike Dr. Peter Shields (D.E. 139).

---

[2] Exhibit 2, Transcr. Depo. Gerardo Campos, *Gerardo Campos et al. v. Safety-Kleen Sys.,* No. 3:12-CV-01529 (D.P.R.) (December 18, 2013)

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this date, August 11, 2014, a copy of this document

was served by email upon the attorneys on the attached Service List.

<u>/s/ Lillian E. Menodoza-Toro</u>
**Lillian E. Mendoza-Toro**
New San Juan Cond.
Apt. 701
Isla Verde Ave. 6471
Carolina, PR 00979
Tel/fax 787-772-3589
Cell 787-502-1089
Email: mendozatorolaw@aol.com
And,
<u>/s/ Leah F. Charbonnet</u>
**Leah F. Charbonnet**
Florida Bar No.  0034613
Clark, Robb, Mason, Coulombe
Buschman & Charbonnet
7501 Wiles Road
Suite 207
Coral Springs, 33067
Tel:  (954) 753-3902
Fax:  (954) 753-3903
E-mail: lcharbonnet@clarkrobb.com
**PLAINTIFFS' COUNSEL**

**SERVICE LIST**

**Giancarlo Font-Garcia**
Rivera-Carrasquillo, Martinez & Font Law Offices
PO Box 9024081
San Juan, PR 00902-4081
787-622-6999
Fax: 787-622-6996
Email: gfont@drcprlaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James J. McGoldrick**
Jones, Carr, McGoldrick, LLP
5910 N. Central Expressway, Ste. 1700
Dallas, TX 75206
214-828-9200
Fax: 214-828-9229
Email: James.McGoldrick@jcmfirm.com

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amanda M. Koch**
Jones, Carr, McGoldrick, LLP
5910 N. Central Expressway, Ste. 1700
Dallas, TX 75206
214-828-9200
Fax: 214-828-9229
Email: amanda.koch@jcmfirm.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey F. Wood**
Jones, Carr, McGoldrick, LLP
5910 N. Central Expressway, Ste. 1700
Dallas, TX 75206

214-828-9200
Fax: 214-828-9229
Email: Jeff.Wood@jcmfirm.com


*PRO HAC VICE*
*ATTORNEY TO BE NOTICED* **Defendant Makita USA, Inc.** represented by **Francisco J. Colon-Pagan**
Colon & Colon PSC
PO Box 9023355
San Juan, PR 00902-3355
787-758-6060 ext.236
Fax: 787-753-1656
Email: fjcolon@colonlaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Francisco E. Colon-Ramirez**
Colon & Colon PSC
PO Box 9023355
San Juan, PR 00902-3355
787-758-6060 x222
Fax: 787-753-1656
Email: fecolon@colonlaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Hector A. Marmol-Lantigua**
Colon & Colon, PSC
P.O. Box 9023355
San Juan, PR 00902-3355
787-758-6060
Fax: 787-753-1656
Email: hmarmol@colonlaw.com


*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Trish Melián, RP, TBLS-BCP
Personal Injury Trial Law

Paralegal
JONES | CARR | McGOLDRICK
Premier Place
5910 N. Central Expressway, Suite 1700
Dallas, TX 75206
(214) 828-9200
Direct Dial: (214) 389-2254
Fax (214) 828-9229
trish.melian@jcmfirm.com