UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GERARDO CAMPOS, ET AL., | : |
| | : |
| Plaintiffs, | :    CASE NO. 3:12-cv-01529-PAD-BJM |
| | : |
| v. | : |
| | : |
| SAFETY-KLEEN SYSTEMS, INC., ET AL., | : |
| | : |
| Defendants. | : |

**DEFENDANT SAFETY-KLEEN SYSTEMS, INC.'S REPLY IN SUPPORT OF EVIDENTIARY OBJECTIONS TO EVIDENCE AND MOTION TO STRIKE EVIDENCE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT/OBJECTION TO MOTION TO STRIKE DR. PETER SHIELDS UNDER FEDERAL RULES OF EVIDENCE 702 AND *DAUBERT* (ECF No. 139)**

COMES NOW Defendant, SAFETY-KLEEN SYSTEMS, INC., by and through its undersigned attorneys, and files this Reply in Support of its Evidentiary Objection to Evidence and Motion to Strike Evidence in Support of Plaintiffs' Motion for Summary Judgment/Objection to Motion to Strike Dr. Peter Shields Under Federal Rules of Evidence 702 and *Daubert* (ECF No. 139):

I.  **AUTHORITIES AND ARGUMENT FOR STRIKING PLAINTIFFS' EVIDENCE**

   a) **Plaintiffs' Exhibits 2-12 Are Inadmissible Hearsay Evidence That Does Not Qualify For the Learned Treatise Exception**

Plaintiffs insinuate that Defendant is objecting to accepted studies or treatises. But Exhibits 2-12 are mostly internet materials/websites, none of which is relied upon by Plaintiffs' experts. Plaintiffs do not dispute that Exhibits 2-12 are hearsay; instead, they argue that these websites and materials are somehow admissible under the learned treatise exception. ECF No. 160 at 1-3. But Plaintiffs' internet materials/websites fail to qualify for the learned treatise

1

exception to the hearsay rule for three reasons: (1) Plaintiffs' Exhibits 2-9 and 11—which are internet materials/websites that do not cite to sources for information, methodologies, or even the authors—are not learned treatises; (2) the learned treatise exception only applies to specific statements contained in learned treatises relied upon by experts or called to the attention of an expert on cross-examination, which did not occur here with Exhibits 2-12; and (3) the learned treatise exception does not apply to exhibits, such as the exhibits at issue here.

First, Plaintiffs' Exhibits 2-9 and 11 are internet materials/websites and lack the indicia of reliability that serve as the foundation for the learned treatise exception.[1]  The advisory committee notes to Federal Rule of Evidence 803(18) explain that a limited exception to the hearsay rule exists for learned treatises because "a high standard of accuracy is engendered by various factors: the treatise is written primarily and impartially for professionals, subject to scrutiny and exposure for inaccuracy, with the reputation of the writer at stake."  In contrast, Plaintiffs' Exhibits 2-9 and 11 are internet materials that do not contain sufficient information to establish their reliability, *e.g.*, authors' names, explanation of methodologies, level of acceptance in the scientific community, and standards used in testing.

Second, the learned treatise exception applies only to specific statements, not entire documents/treatises.  Fed. Rule Evid. 803(18).  Here, Plaintiffs do not identify any specific statements from Exhibits 2-12;[2] rather, they attempt to misapply the learned treatise exception to cover entire documents.

---

[1] Johns Hopkins website (ECF No. 111-3), Children's Leukemia Research Assn, Inc. website (ECF No. 111-4); Cancer Council New South Wales website (ECF No. 111-5); Montana Cancer Control Program "Surveillance Report" (ECF No. 111-6); Africa Cancer Foundation pamphlet/materials (ECF No. 111-7); Health 24 website (ECF No. 111-8); University of California-Davis Comprehensive Cancer Center website (ECF No. 111-9); Irish Cancer Society website (ECF No. 111-10); and Cancer Research UK website (ECF No. 111-12).

[2] Exhibits 10 and 12 (ECF Nos. 111-11 and 111-13) are the same document: a case study/research notes by Abdul Mottalib, which was not cited to or relied upon by Plaintiffs' experts and merely observes cases of CML in Bangladesh.

In addition, none of Plaintiffs' experts cite to or rely upon Exhibits 2-12 in offering their causation opinions. Nor were these materials "extensively discussed" during Dr. Shields' deposition. ECF No. 160 at 2. At deposition Dr. Shields was asked generally about "studies" that support Plaintiffs' position (ECF No. 160-1 at 14:1-14); he was not asked about specific statements contained in various websites or internet searches. In fact, the only reference made to these exhibits has been in Plaintiffs' briefing via attorney argument. Thus, the learned treatise exception does not apply here. *See Barraford v. T & N Ltd.*, 988 F. Supp. 2d 81, 87 (D. Mass. 2013) (striking three medical journal articles as hearsay that did not qualify for the learned treatise exception because they were not relied upon or discussed by the experts).

Third, the learned treatise exception cannot save inadmissible hearsay evidence attached as an exhibit to motion. Plaintiffs selectively quote a portion of Federal Rule of Evidence 803(18), defining the learned treatise exception, but they **completely omit** its last line which is determinative here: "If admitted, the statement may be read into evidence **but not received as an exhibit**." Fed. R. Evid. 803(18) (emphasis added). As the advisory committee notes further explain: "The rule avoids the danger of misunderstanding and misapplication by limiting the use of treatises as substantive evidence to situations in which an expert is on the stand and available to explain and assist in the application of the treatise if desired." Moreover, courts have explained that "[t]he Rule's constrained use of learned treatises imposes a valuable discipline on the factfinder, whether jury or judge, to avoid playing expert and restricts the factfinder to those technical matters that have been illuminated by expert testimony." *Anderson v. United States*, 571 F. Supp. 2d 202, 212 (D. Me. 2008). Thus, it is impermissible for Plaintiffs to introduce this hearsay evidence as exhibits to a motion.

Not only are Exhibits 2-12 inadmissible hearsay, Plaintiffs do not justify or explain their failure to authenticate any of these exhibits, which is sufficient reason to exclude them. *See* Fed. R. Evid. 901; s*ee also Hoffman v. Applicators Sales And Service, Inc.,* 439 F.3d 9, 14 (1st Cir. 2006) (affirming District Court's refusal to consider unauthenticated affidavit submitted in opposition to summary judgment); s*ee also Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir.2000) ("Documents supporting or opposing summary judgment must be properly authenticated").

For the above explained reasons, the Court should sustain Defendant's objections to Plaintiffs' Exhibits 2-12.

### b) Dr. Shields' Deposition Transcript (Ex. 13 and 20) From An Unrelated Case Is Not Relevant To Mr. Campos' Claims And Should Be Excluded

Safety-Kleen objects to Plaintiffs' use of Dr. Shields' speaking error in a prior unrelated deposition in the *Batton* case, wherein he misspoke in referencing CML.[3] Plaintiffs argue that the prior testimony constitutes a prior statement and is therefore not excluded by the hearsay rule. ECF No. 160 at 3-4. Plaintiffs, however, wholly fail to address the alleged relevance of Dr. Shields' misstatement. As set forth in Safety-Kleen's briefing, Dr. Shields has provided sworn written testimony that he spoke in error at the time of the *Batton* deposition, which occurred in a case having nothing to do with CML but rather involving a railroad worker who allegedly developed myelodyspasia/myelodysplastic syndrome ("MDS"), a pre-leukemic hematological disorder, as a result of exposure to diesel exhaust.[4] In response to a question whether benzene causes any forms of leukemia in humans, Dr. Shields identified AML and CML. The statement occurred in the middle of questioning related to benzene's ability to cause MDS in humans. There was no follow-up or any other mention of CML throughout the remainder of the

---

[3] Declaration of Dr. Peter G. Shields, at 1-3, July 15, 2014 (ECF No. 144-2); *see also* Safety-Kleen's Opposition to Plaintiffs' Motion for Summary Judgment/Objections to Motion to Strike Dr. Peter Shields Under Federal Rule of Evidence 702 and *Daubert*, at 4-7 (ECF No. 114-0).
[4] ECF No. 144-2, at 2.

deposition or even at the trial of the matter.[5]  If any follow-up had been done at the time, Dr. Shields would have corrected his misstatement.[6]  Thus, when viewed in its true context, Dr. Shields' misstatement does not have the tendency to make any fact of consequence in this case more or less probable than it would be without the evidence.  *See* Fed. R. Evid. 401.  As such, it is irrelevant and should be excluded.  Fed. R. Evid. 402.

Additionally, any argued probative value of Exhibits 13 and 20, which Safety-Kleen specifically contests, is substantially outweighed by the danger of unfair prejudice.  *See* Fed. R. Evid. 403.  Dr. Shields has stated, under oath, that he spoke in error at the time of his *Batton* deposition, and an examination of the context of his *Batton* deposition testimony supports this fact.  Accordingly, the court should exclude Dr. Shields' *Batton* deposition testimony to prevent an off-the-cuff misstatement, which has been corrected, from overshadowing Dr. Shields' accurate, research-based opinions regarding CML in this case.

### c) Mr. Campos' November 2013 Declaration Is Hearsay And Must Be Excluded

Plaintiffs argue that Mr. Campos' November 2013 declaration is admissible because (1) experts relied on it, and (2) Mr. Campos discussed it at his deposition.  ECF No. 160 at 4.  Both of Plaintiffs' arguments fail.  Experts routinely rely on inadmissible evidence (*see* Fed. Rule Evid. 703); and an expert's reliance on materials does not justify admission of hearsay evidence if Plaintiffs cannot identify an applicable exception to the rule excluding hearsay evidence.  Nor does Mr. Campos' discussion of his declaration at deposition somehow make his declaration not hearsay.  Because Plaintiffs have failed to articulate an applicable exception to the hearsay rule, the Court should sustain Defendant's objections to Plaintiffs' Exhibit 24.

### d) Plaintiffs Did Not Oppose Defendants' Objections to the Oct. 7, 2008 Lehocky Memo

---

[5] *Id.*
[6] *Id.*

Defendant objected to Plaintiffs' Exhibit 19, an October 7, 2008 memo from Matt Lehocky, HG Litigation Services, L.P. to Frank J. Gordon (ECF No. 111-20) on the grounds that it is inadmissible hearsay and has not been authenticated.  In light of Plaintiffs' failure to respond to or oppose Defendant's objections to this evidence, the Court should sustain Defendant's objections to Exhibit 19.

### III.    CONCLUSION

For the foregoing reasons, the Court should sustain Defendant's Objections to Plaintiffs' Evidence and grant Defendant's Motion to Strike.

>
> Respectfully submitted,
>
> JONES CARR M<sup>c</sup>GOLDRICK, L.L.P.
>
> /s/ Amanda M. Koch
> Amanda M. Koch
> Texas State Bar No. 24051089
> 5910 N. Central Expy., Ste. 1700
> Dallas, TX  75206
> Phone:  (214) 828-9200
> Fax:     (214) 828-9229
> Amanda.koch@jcmfirm.com
>
>             and
>
> Giancarlo Font-García
> RIVERA-CARRASQUILLO, MARTÍNEZ & FONT
> P.O. Box 9024081
> San Juan, PR 00902-4081
> Phone:  (787) 622-6999
>
> ATTORNEYS FOR DEFENDANT
> SAFETY-KLEEN SYSTEMS, INC.

### CERTIFICATE OF SERVICE

On August 20, 2014, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, District of Puerto Rico, using the ECF system. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By:     */s/ Amanda M. Koch*
        **Amanda M. Koch**